Raymond **ROBERTS** and Annelene Roberts, husband and wife, Plaintiffs—Appellants,

v.

**COMPUTER SCIENCES CORPORATION,** a corporation, Defendant—Appellee.

No. 04–17128.

D.C. No. CV–04–00382–TUC–DCB.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.\*

Decided Dec. 13, 2005.

Mary E. Bruno, Greenberg Traurig, Phoenix, AZ, for Defendant–Appellee.

Edward W. Matchett, Bisbee, AZ, for Plaintiffs–Appellants.

Before GOODWIN, TASHIMA, and FISHER, Circuit Judges.

MEMORANDUM\*\*

Raymond Roberts and Annelene Roberts (the "Roberts") appeal from the district court's judgment dismissing their employment action for failure to state a claim upon which relief may be granted. We

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *see DeGrassi v. City of Glendora,* 207 F.3d 636, 644 (9th Cir.2000), we affirm.

The Roberts alleged that Raymond Roberts complained about his employer's lax security policies and practices and was subsequently fired on the ground that inappropriate material was found on his computer. The district court properly dismissed the Roberts' claim under the Arizona Employment Protection Act because they did not allege that Raymond Roberts was fired in retaliation for reporting that his employer violated or was going to violate the Constitution of Arizona or a state statute. *See* Ariz.Rev.Stat. § 23–1501(3)(c)(ii). Lax security policies about which Raymond Roberts complained were not a violation of Arizona law.

The district court properly dismissed the Roberts' intentional infliction of emotional distress claim because they did not allege sufficiently extreme and outrageous conduct to state a claim for relief. *See Mintz v. Bell Atlantic Systems Leasing Int'l, Inc.,* 183 Ariz. 550, 554, 905 P.2d 559 (Ariz.App.1995).

Appellants' remaining contentions lack merit.

**AFFIRMED.**